**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) CITY OF GROVE; and** | ) | |
| | ) | |
| **(2) GROVE ECONOMIC** | ) | |
| **DEVELOPMENT AUTHORITY;** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **(3) HARBOR POINT ASSOCIATES, LLC,** | ) | |
| a foreign limited liability company, | ) | |
| f/k/a Har-Ber Pointe Associates, | ) | |
| LLC; | ) | **Case. No.** 23-cv-00555-MTS |
| | ) | |
| **(4) WHEELER REAL ESTATE** | ) | |
| **INVESTMENT TRUST, INC.,** | ) | |
| a foreign corporation; and | ) | |
| | ) | |
| **(5) WHEELER REIT, L.P.,** | ) | |
| a foreign limited partnership; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs City of Grove, an Oklahoma Municipal Corporation ("Grove") and Grove Economic Development Authority ("GEDA" or collectively "Plaintiffs") hereby file their Complaint against Defendants Harbor Point Associates, LLC ("Harbor Point"), Wheeler Real Estate Investment Trust, Inc. ("WREIT"), and Wheeler REIT, L.P. ("Wheeler REIT") (collectively "Defendants") in which Plaintiffs assert the following:

## PARTIES, JURISDICTION, AND VENUE

1. Grove is an Oklahoma Municipal Corporation located in Delaware County, Oklahoma.

1

2.      GEDA is an Oklahoma Public Trust.

3.      Defendant Harbor Point is a Virginia foreign limited liability company.

4.      WREIT is a Maryland foreign corporation with its principal place of business in Virginia Beach, Virginia. WREIT is a publicly traded corporation and is the general partner of Wheeler REIT.

5.      Wheeler REIT is a Virginia foreign limited partnership, and a closely affiliated entity to WREIT.

6.      Wheeler REIT is, or has been, a subsidiary of Wheeler Real Estate Investment Trust, Inc. according to WREIT's filings with the Security Exchange Commission ("SEC").

7.      Wheeler REIT purchased one hundred percent (100%) of the membership units of Harbor Point in or around November 2014.

8.      The Wheeler REIT entities are the successors in interest to Defendant Harbor Point with regard to the Agreement executed between Harbor Point and Grove.

9.      The amount in controversy is in excess of $75,000, exclusive of interest and costs.

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims asserted herein occurred in Delaware County, Oklahoma located in the Northern District of Oklahoma.

12.     The Agreement at issue in this case was executed in and involves property located in Delaware County, Oklahoma.

2

13.     The Agreement at issue in this case provides that any action or proceeding arising out of the Agreement may be brought in Oklahoma Courts.

## FACTUAL BACKGROUND

14.     On September 28, 2011, the City of Grove and the Grove Economic Development Authority entered into an Economic Development Agreement with Harbor Point (hereafter the "Agreement.")

15.     The Agreement contemplated that Harbor Point would construct and develop a shopping center, anchored by a grocery store located within Grove. Once completed, the development would foster the creation of new retail opportunities, employment opportunities, and tax revenue.

16.     Pursuant to the Agreement, Harbor Point would develop a 31,705 square foot Harp's full-service grocery store, 45,320 square feet of retail and commercial space, and improve infrastructure related to traffic, water, and sewage systems within the project area.

17.     Under the Agreement, Harbor Point agreed to develop the project area by entering into lease or sale arrangements with third parties for the development of the project site and provide periodic updates to Plaintiffs on development progress.

18.     To encourage this development, Plaintiffs created a Tax Increment Financing District ("TIF") to assist in the financing of the project.

19.     The funds used for the construction of the shopping center were to be financed by Harbor Point.

20.     The Agreement further provided that until the project was developed, and enough lots were sold in the shopping center to generate sufficient ad valorem taxes to

service the debt, Plaintiffs agreed to allow the debt payments to be deducted from the City's sales tax account, subject to reimbursement by Defendants. Reimbursements were to be made to Plaintiffs not later than the day prior to the due date of the debt payments.

21.     In December 2023, Wheeler REIT failed to pay as required under the Agreement and is in breach of the Agreement.

22.     As a result of Defendants' refusal to pay, Grove has and will continue to have its sales tax funds garnished to pay debt payments which are Defendants' responsibility.

23.     The Agreement further provides that Grove was to be granted a mortgage on the property at issue in this case. Despite this express term, Defendants failed to comply with this provision, and no mortgage was executed.

<u>**COUNT ONE:**</u>
<u>**BREACH OF CONTRACT**</u>
(All Defendants)

24.     Paragraphs numbered 1 through 23 are incorporated herein by reference.

25.     After acquiring the ownership interests of Harbor Point, Wheeler REIT made several of the payments required under the Agreement, as Harbor Point's successors in interest.

26.     Defendants have failed to develop the project as required by the Agreement, and most of the shopping center has remained undeveloped and vacant.

27.     Defendants' failure to develop the property as agreed has caused Grove to lose tax revenue that would have been generated if not for Defendants' breach.

28.     Defendants' refusal to pay the amounts owed to Plaintiffs as provided in the Agreement constitutes a breach of such Agreement and entitles Plaintiffs to damages

therefor in an amount in excess of three million dollars ($3,000,000.00), plus interest, costs, and attorney fees.

29.     Defendants have also failed and refused to execute the mortgage in favor of Plaintiffs as required by the Agreement and should be ordered to do so by the Court.

**COUNT TWO:**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
(All Defendants)

30.     Paragraphs numbered 1 through 29 are incorporated herein by reference.

31.     Oklahoma imposes a duty of good faith and fair dealing in all contracts.

32.     Defendants acted in bad faith and in a manner that frustrated the purpose of the Agreement.

33.     As a direct result of Defendants' breach of the duty of good faith and fair dealing, Plaintiffs have suffered actual damages for which Defendants are liable in an amount in excess of three million dollars ($3,000,000.00), together with interest, costs, and attorney fees.

**COUNT THREE:**
**UNJUST ENRICHMENT**
(All Defendants)

34.     Paragraphs numbered 1 through 33 are incorporated herein by reference.

35.     By failing to reimburse Plaintiffs for the amounts paid on behalf of Defendants to service the debt and instead retaining those amounts, Defendants have been unjustly and unfairly enriched at the expense and to the detriment of Plaintiffs.

36.     Upon information and belief, in addition to the amounts due under the Agreement, Defendants have been unjustly and unfairly enriched by enjoying all benefits

under the Agreement which includes proceeds from the sale of certain portions of the developed property and rents. These benefits would not have been received by Defendants absent the Agreement with Plaintiffs.

37.    Plaintiffs are thus entitled to recover the value of the benefits conferred, including all profits, benefits and other compensation retained by Defendants from the Agreement and a constructive trust on all assets of Defendants.

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Defendants for actual damages, prejudgment and post-judgment interest, attorney fees, costs, imposition of a constructive trust on Defendants' assets, disgorgement of all profits realized by Defendants as a result of their improper conduct, an accounting, specific performance in the execution of a mortgage, and to the extent necessary, piercing of the corporate veil and corporate form as justice and equity may require, and all such further relief as the Court deems equitable and proper.

Respectfully submitted,

/S/ *Conner L. Helms*
Conner L. Helms, OBA #12115
Scott A. May, OBA #33963
**HELMS LAW FIRM**
One N.E. Second Street, Suite 202
Oklahoma City, Oklahoma 73102
Telephone: (405) 319-0700
Facsimile: (405) 319-9292
conner@helmslegal.com
scott@helmslegal.com
**ATTORNEYS FOR PLAINTIFFS**

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

6